UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LOUISE PRIVITERA,

    Plaintiff,

v.                                        Case No. 5:12-cv-7-Oc-32TBS

AMBER HILL FARM, L.L.C. and ELIZABETH
MANDARINO,

    Defendants.
_____/

ORDER

Pending before the Court are Plaintiff's Emergency Motion for Relief and/or Motion for Protective Order and Memorandum of Law and Defendants' Memorandum in Opposition to Plaintiff's Emergency Motion for Relief and/or Motion for Protective Order. (Docs. 51 and 53). The Court held a hearing on the motion on May 17, 2012 and it is now ripe for decision. For the following reasons, the motion is due to be GRANTED in part and DENIED in part.

Plaintiff instituted this suit alleging multiple causes of action against the Defendants, all having to do with a business relationship the parties had to buy and sell horses. (Doc. 2). Early in the case, upon stipulation of counsel, the Court entered an Order prohibiting the parties and their counsel from posting any information related to this action on the internet. (Doc. 24).

The case was fully settled in April, 2012 when the parties made and entered into a written settlement agreement ("Settlement Agreement"). (Docs. 51 and 53). The Settlement Agreement is confidential and has not been shared with the Court.

(Id.)  However, counsel both summarized and published pertinent language in the Settlement Agreement at the May 17 hearing.  (Doc. 55).  On April 25, 2012, the attorney for Plaintiff filed a Notice of Settlement as required by Local Rule 3.08 and the next day the Court issued its Order in response to the Notice.  (Docs. 49 and 50).  The Order gave the parties until June 26, 2012 to file a joint motion for dismissal or other appropriate documents to close out the file.  (Doc. 50).

On May 4 and 5, 2012, information about this case was posted on the internet web sites www.ratemyhorsepro.com and www.horseshowdiva.com.  (Doc. 53).  Defendants believe Plaintiff and her lawyer are responsible for posting the information on the internet.  Defendants also believe the postings violate both the Court's February 23, 2012 Order and the parties' Settlement Agreement.  (Id.)  Plaintiff and her lawyer deny responsibility for the internet posts.  (Docs. 51 and 55).  Defendants concede that the information posted on the internet is not actionable if the postings were made by anyone in the world with the exception of Plaintiff or her lawyer.  (Doc. 55).

To learn the identity of the person(s) who posted the information on the internet, Defendants prepared subpoenas duces tecum which were issued out of this Court and addressed to non-parties WinHost.com in Portland, Oregon; HostGator.com, LLC in Houston, Texas; and Network Solutions, LLC in Richmond, Virginia.  (Docs. 51-2, 51-5 and 51-6).  The Court does not know whether any of the subpoenas have actually been served.  At the May 17, 2012 hearing, the Court

ordered that the subpoenas be held in abeyance until the issues raised in Plaintiff's motion are resolved. (Doc. 55).

Plaintiff objects to the subpoenas, believes they should be quashed, and that the Court should enter a protective order because when the subpoenas were issued, the case was already settled and consequently, there was no pending action.[1] (Doc. 51). The Defendants argue that this Court has continuing jurisdiction to enforce its Orders and the subpoenas are the only procedure available to them to learn whether Plaintiff or her lawyer are behind the posting of the information on the internet. (Doc. 53).

Before addressing the issues raised by the parties, the Court observes that Plaintiff's motion does not allege a true emergency. No one's health or safety is at stake, nobody is at risk of being deprived of an essential service, and nothing that is irreplaceable or for which compensation would not be available is in jeopardy. Whenever someone files an "emergency" motion the Court drops whatever it is working on to give the motion its full attention. Presumably, opposing counsel does the same thing. It is fundamentally wrong to characterize a matter as an emergency when it obviously is not an emergency. If this happens again, the movant should not be surprised if sanctions are imposed.

Judgment has not been entered, the parties have not filed a joint stipulation of dismissal and the Court has not entered an order dismissing this case. Accordingly,

---

[1] Plaintiff also seeks a Court order compelling the Defendants to sign a joint stipulation dismissing this case. Plaintiff did not press this point at the hearing. Plaintiff be also requests an award of her attorneys' fees and costs incurred in the preparation and prosecution of her motion.

-3-

this case has not been terminated, is still pending, and the Court has jurisdiction to decide post-settlement motions. Cf. Kent v. Baker, 815 F.2d 1395, 1400 (11th Cir. 1987) (holding that a court had jurisdiction to enforce settlement agreement where breach was claimed prior to dismissal of the action); see also Catz v. Alternative Home Financing, Inc., 2008 WL 878929 at *4 (M.D. Fla. 2008). Even if this case were no longer pending, the Court would still retain jurisdiction to consider and decide a motion for sanctions. Sure Fill & Seal, Inc. v. GFF, Inc., 2010 WL 3125593 at *4 (M.D. Fla. 2010) affirmed by 411 Fed. Appx. 267 (11th Cir. 2011).

"A party ordinarily does not have standing to quash a subpoena served on a third party unless a personal right or privilege as to the documents being sought is asserted." Nathai v. Fla. Detroit Diesel-Allison, Inc., 2009 WL 2424570 at *2 (M.D. Fla. 2009). Plaintiff is not the person to whom the subpoenas are directed and she does not claim any personal right or privilege in the information requested in the subpoenas. (Doc. 55). Therefore, Plaintiff does not have standing to move the Court to quash the subpoenas.

Although Plaintiff lacks standing to move to quash, she may "move for a protective order if the subpoenas seek irrelevant information." Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005). A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Here, all of the claims and defenses raised by the parties were settled before the subpoenas were issued. Thus, the information Defendants seek is irrelevant unless the Court permits discovery to

determine whether its Order has been violated or the Settlement Agreement has been breached.

Because this action is still pending and the Court has the power to enforce its Orders, it necessarily has the power to authorize discovery to uncover violations of its Orders. State of Fla. ex. rel. v. Jones Chemicals, Inc., 1993 WL 388645 at *2 (M.D. Fla. 1993). However, at this point, all Defendants have is their own suspicion concerning who published information about this case on the internet. The Defendants truly are on a "fishing expedition." Their suspicion, without more, is not cause to justify discovery in a case that is otherwise settled. Now, the Court finds the subpoenas are not warranted because they seek irrelevant information.[2]

There is an additional reason why Defendants should not be permitted to proceed with these subpoenas. Under Fed. R. Civ. P. 45(a)(2), a subpoena solely for the production and inspection of documents must issue "from the court for the district where the production or inspection is to be made." Courts interpret this language principally to mean the location of the documents to be produced rather than the location specified in the subpoena. Morris v. Sequa Corp., 275 F.R.D. 562, 566 (N.D. Ala. 2011); Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 2010 WL 3419420 at *2 (S.D. Fla. 2010). Only the Court that issues the subpoena can quash or modify it. Morris. Defendants are attempting to subpoena documents from records

---

[2]The Court is also concerned about the breadth of the subpoenas and that the anonymous poster(s) has First Amendment rights which are implicated by these subpoenas. See Sony Music Entertainment, Inc. v. Does 1-40, 326 F.Supp.2d 556, 563-64 (S.D. N.Y. 2004) and cases cited therein. However, the Court does not need to decide these issues to resolve the motion.

custodians in Oregon, Texas and Virginia.  The only evidence concerning the location of the documents is the subpoenas themselves which reflect that the records custodians (and presumably the documents), are in other states.  Based upon this limited information the Court does not have the power to issue these subpoenas. Gutescu v. Carey Int'l. Inc., 2003 WL 25589034 at *2 (S.D. Fla.); see also Ariel v. Jones, 693 F.2d 1058, 1059-61 (11th Cir. 1982); and Natural Gas Pipeline Co. of America v. Engergy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir. 1993).

The Court appreciates Defendants' position that without this discovery they will be unable to enforce the Settlement Agreement.  The Court also recognizes that there are circumstances where a plaintiff does not have the ability to identify a defendant and the Court permits limited discovery to determine the true identity of a John Doe. UMG Recordings, Inc. v. John Doe, 2008 WL 4104214 (N.D. Cal. 2008); Sony Music Entertainment, Inc. v. Does 1-40, 326 F.Supp.2d 556 (S.D.N.Y. 2004); and Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, (1st Cir. 2011).  However, in those cases, the plaintiff comes to Court with more than mere speculation that she has been wronged. It is one thing to say for example, that a copyright or trademark has been violated by unknown actors and quite another to ask for discovery when the conduct complained of could have been committed by anyone in the world but is only actionable if done by either of two individuals.  More than Defendants' unverifiable belief that a violation of law has occurred is required before the discovery Defendants seek will be permitted.

Finally, Plaintiff seeks an award of attorneys' fees and costs. The circumstances, as explained in this Order, lead the Court to the conclusion that an award of legal expenses in connection with Plaintiff's motion to any party would be unjust.

For these reasons:

1. Plaintiff's motion to quash is DENIED.

2. Plaintiff's motion for a protective order is GRANTED, the Defendants' subpoenas addressed to WinHost.com in Portland, Oregon, HostGator.com, LLC in Houston, Texas and Network Solutions, LLC in Richmond, Virginia are deemed void ab initio and Defendants shall not have the discovery sought in the subpoenas.

3. Plaintiff's prayer for attorneys' fees and costs is DENIED. Each party shall bear its own legal expenses including attorneys' fees and costs associated with Plaintiff's motion.

4. In all other respects, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on May 24, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel